JOSEPH S. REYNOLDS AND ANOTHER vs. JAMES GEARY.

The general constitutionality of the act of 1854 for the suppression of intemperance, is too well settled to be again called in question.

And the provision of the 27th section of that act, that no action shall be maintained in any court in this state for liquors sold in any other state with intent to enable any person to violate the act, is also constitutional.

And that provision will be enforced by our courts, although the sale of such liquor may have been valid under the laws of the state where sold, and an action may be sustainable therefor in such state.

And it seems, that if the statute contained no such express provision, our courts would, upon the principles of the common law, refuse to sustain such an action.

ACTION of assumpsit upon a promissory note, tried to the court upon the general issue with notice, at the term of the superior court holden in Middlesex county, in February, 1857.

The following facts were found by the court. The note in question was given by the defendant to the plaintiffs to settle an account which, except one charge of sixty-three cents for

cash advanced, consisted of charges for spiritous liquors sold by them to the defendant. The sale was made in the city of New York, with knowledge on the part of the plaintiffs that the liquors were to be sold by the defendant in Connecticut contrary to the provisions of the " Act for the Suppression of Intemperance," and with intent, on the part of the plaintiffs, to enable the defendant to violate that act.

·The defendant claimed that upon these facts the note must be held void, except to the extent of the sixty-three cents. The plaintiffs denied this claim. The court sustained the claim of the defendant and thereupon rendered judgment in favor of the plaintiffs for sixty-three cents with interest. The plaintiffs thereupon filed a motion in error.

*Eaton* and *Calef,* for the plaintiffs.

1. A contract for personal property, if valid where it is made, is valid everywhere. 2 Pars. on Con., 82, 84. *Read* v. *Taft,* 3 R. Isl., 175. *Dater* v. *Earl,* 3 Gray, 482. *McIntyre* v. *Parks,* 3 Met., 207. *Holman* v. *Johnson,* Cowper, 341.

2. This principle is founded in the necessity of national intercourse; and in order to preserve the comity which is so necessary between states, especially states of this confederacy, it is imperatively demanded that the principle should be fully sustained. Story Confl. of Laws, § 364, 368. 2 Kent's Com., 454, 457.

3. The contract declared upon in this case was valid by the laws of New York, where it was made.

4. A contract may be made in one country where one of the contracting parties contemplates a violation of the law of another country, and yet the courts of the country whose laws are so sought to be violated will enforce the contract. *Read* v. *Taft,* supra. *Kreiss* v. *Seligman,* 8 Barb., 439. *Johnson* v. *Hudson,* 11 East., 180. *Holman* v. *Johnson,* Cowper, 341. *McIntyre* v. *Parks,* 3 Met., 207.

5. That section of our statute upon which the defendant relies, is in conflict with, and repugnant to, the constitution of the United States. 1st. It impairs the obligation of contracts. Const. U. S., Art. 1st, sec. 10th. 2d. It deprives a

citizen of the United States, and of the state of New York, of certain rights and privileges guaranteed by the Constitution. Const. U. S., Art. 4, sec. 2.

6. The same section of our statute, in connection with the principle of prohibition upon which the entire statute is based, is in violation of the natural rights of the people of this state, and repugnant to the letter and spirit of their fundamental, organic law. Const. of Conn., Art. 1, sec. 12. 1st. The constitution of Connecticut is a grant of power and not a limitation. 2d. The sovereignty of the state is represented by the people and not by the legislature. 3d. The legislature derives its powers from the constitution, either directly or by implication. 4th. The supreme court of this state is co-equal with the legislature and not its mere creature, and derives its own power from the same fountain-head, the constitution. Smith's Com., 280, 282, 284.

7. The legislature of this state has no power to prohibit the sale of any general article of commerce, which article was common merchandize, the subject of treaties between this government and others, at the time of the adoption of the Constitution, unless it derives its authority from that instrument.

8. If there was an intent upon the part of the plaintiffs to enable the defendant to violate the law of this state, that intent existed only in New York, and can not therefore be taken cognizance of by a court in this state; and no statute of this state can legally affect or punish such intent unless some act be proven in connection therewith.

*Tyler* and *Vinal*, for the defendant.

1. No law of a nation or state has, *proprio vigore*, any extra-territorial operation; it is enforced in another state only *ex comitate gentium*, and according to the *lex fori*. *Wood* v. *Watkinson*, 17 Conn., 500. *Smith* v. *Godfrey*, 8 Fost., 379.

2. The common law rule that courts will enforce contracts which are valid in other states where made, is subject to many exceptions. 1 Sw. Dig., 214, 322. *Hannay* v. *Eve*, 3

Cranch, 242. Story Confl. of Laws, § 244. 1 Kent's Com., 2d ed., 467. *Wooten* v. *Miller*, 7 Sm. & M., 380. *Terret* v. *Bartlett*, 21 Verm., 184. *Mc Conihe* v. *McMann*, 27 id., 95. *Smith* v. *Godfrey*, 8 Fost., 379. *Dater* v. *Earl*, 3 Gray, 482.

3. A statute which makes it imperative to deny a remedy that may be denied at common law, can not be considered unconstitutional, especially when it is not retro-active.

4. Upon the facts found by the court there is no error in the judgment.

ELLSWORTH, J. We think there is no error in the judgment of the court below.

It appears that the note in question was given in the state of New York, for spiritous liquors sold by the plaintiffs to the defendant. They were sold with knowledge that the defendant purchased them to bring into this state, to sell contrary to our statute law, and with the intent to enable the defendant to violate this law.

Had there been, on the part of the plaintiffs, no more than an opinion or knowledge that the defendant made the purchase with the intention of bringing the liquors here for sale, this, according to the books, would not have made the sale void, but the record shows a very material fact beyond this. The intention to have our statute violated, with the assistance rendered by the plaintiffs to the defendant to enable him to do it, makes them *participes criminis*, and closes our courts against them when they seek their aid to enforce the payment of the note. However they may stand in courts abroad, or however in the state of New York, in suing upon this note, they clearly can not sue here, so long as our statute for the suppression of intemperance is maintained as the law of our courts, for that statute declares in so many words, that no action shall be maintained in such case.

The constitutionality of the law has been questioned and denied by the counsel for the plaintiffs. Were they correct in their claim that the statute must be treated as a nullity, so that the plaintiffs stand in our courts just as well as they would in the courts of New York, there would be great force

in the argument. But the constitutionality of this law can not any longer be considered an open question. It has been too recently decided upon full argument by this court in several cases to be again brought in question.

Assuming that there are no legal objections to the law, then, on the principles of the common law, were there no express provision in the act itself to that effect, the sale in New York with the intention to enable the defendant to come here and violate our statute, would be held void, and the action would not be sustained. But the statute is entirely explicit and sets the whole matter forever at rest. Its language is, "and no action of any kind shall be maintained, in any court of this state, for spiritous and intoxicating liquors, or mixed liquors of which part is spiritous or intoxicating, sold in any other state or country contrary to the law of said state or country, or with intent to enable any person to violate any provision of this act." This statute must govern us in our decision, and the language of it being clear and positive, we must decide that the action can not be maintained.

We do not say that this note is not good and obligatory on the defendant in New York. We suppose it is, unless there be some statute there forbidding it, but this can make no difference in our courts.

Nor do we call in question the general principle contended for by the plaintiffs' counsel, that a contract good where made is good everywhere; but the principle can not be extended to a specific contract which our law declares shall be void, let it be entered into wherever it may be; for a foreign law can not have any force here *proprio vigore*, nor is it of course to be enforced; that must depend on its character and aim. If a foreign law or a foreign contract is prohibited here or is contrary to the policy of our laws, we are not bound by comity to give it any force or efficacy whatever.

Nor do we deny to these plaintiffs the rights and privileges we allow to our own citizens in like circumstances. We should not allow them to recover on such a note as this, and we can not give to citizens of New York any higher privileges than we give our own citizens. The constitution of

the United States does not require that we should. That instrument is satisfied with putting all upon an equality, but it never would be endured, were we compelled to allow a foreign citizen to enforce in our courts all the rights, of whatever kind, which he might be possessed of under the laws of the state where he resides. We advise judgment for the defendant.

In this opinion the other judges concurred.

Judgment for defendant advised.

## SUPREME COURT OF ERRORS.

### LITCHFIELD COUNTY, APRIL TERM, 1857.

Present,

Storrs, C. J., Hinman and Ellsworth, Js.