JACOB HAUSER, Respondent, v. CHARLES H. HOFFMAN, Appellant.

*Mechanic's Lien—Title.*—Parties interested in property subject to a mechanic's lien, who are not made parties to the suit to enforce the lien, may, in a suit upon the title under the lien, object to the regularity of the proceedings.

*Mechanics' Liens—Limitation.*—The act of February 14, 1857, relating to me · chanics' liens in St. Louis county (Acts 1856–7, p. 668), requiring suits upon

liens to be commenced within ninety days after the filing of the lien, applied to liens previously filed under the law of 1855 (R. C. 1855, p. 1064), so as to require suits to be commenced within ninety days after the passage of that act. The plaintiff not having sued upon the lien within ninety days, acquired no title, under the sheriff's sale, upon the lien and judgment, as against parties interested in the land, not parties to the suit to enforce the lien.

*Appeal from St. Louis Land Court.*

The facts are stated in the opinion. The following instructions were given and refused.

Asked by plaintiff and refused :

I. If the court finds from the evidence that the suit instituted by Christian Faller to enforce his lien, the record of which has been given in evidence, was begun more than ninety days after the filing of said lien, then the judgment and execution in favor of said Faller, and sheriff's deed to the defendant, read in evidence by him, constitute no bar to the plaintiff's right to recover in this action.

2. If the court find from the evidence that the lots of land described in the plaintiff's petition are a part of the Martin Coons' tract, and are within the outboundary lines of survey 2499, read in evidence; if the judgments, execution deeds and writings, read in evidence by the plaintiffs, are genuine; if the defendant, Charles Hoffman, was in possession of said lots when this suit was begun,—then the plaintiff is entitled to recover in this action against said Hoffman.

3. The return of the sheriff upon the execution in the case of Christian Faller v. August William Weber, read in evidence, does not show that said Weber had not sufficient property, other than that described in said execution, to satisfy the same; nor is there any evidence in this case tending to show that said Weber had not sufficient property to satisfy said execution, other than that described therein; and unless the court is satisfied from the evidence that said Weber had not property sufficient to satisfy said execution, other than that described therein, while the said execution was in the hands of the sheriff, and before the sale thereunder, then

the said sale of the lots in question, and sheriff's deed read in evidence by defendant, constitute no bar to plaintiff's right to recover in this action.

Given for defendant:

If Christian Faller performed work and labor, and furnished materials in the erection and construction of the building and fencing on the lot described in the plaintiff's petition, at the request of August William Weber, commencing February 18th, 1856, and ending October 15th, 1856; that said Weber was the owner, and in possession of said premises; that the building was commenced in February, 1856; that said Faller filed in the clerk's office of said Land Court a lien against the said premises for said work and materials, on the 18th of November, 1856; that on the 14th of July, 1857, said Faller commenced suit in said court to enforce said lien against said Weber and said premises; that judgment was rendered in said suit against said Weber and said premises; that execution was issued upon the said judgment; that the sheriff of St. Louis county advertised and sold said premises, in pursuance of said execution, to said Charles Hoffman, and executed to him the deed read in evidence by the defendant,—then the title of said Hoffman is a better title than the said plaintiff acquired under deed of trust given by said Weber subsequent to the commencement of said building upon said lot, and the plaintiff is not entitled to recover.

*Krum & Harding*, for appellant.

At the time Faller began to furnish the work and materials for the building (February, 1856), the act of February 24, 1843, was in force, and continued in force until the passage of the act of December 11, 1855. (R. C. 1855, p. 1071, § 25.) This section repeals the act of 1843, but saves the rights of parties acquired under it. (Acts 1843, p. 83; R. C. 1845, p. 699, § 22; R. C. 1855, p. 1027, § 23, and p. 1071, § 25.)

The provisions of the act of 1843 were re-enacted, substantially, February 14, 1857, which required suits to be begun

within ninety days, and took effect from its passage, and repealed all acts inconsistent therewith.    (Acts 1857, p. 668.)

.I. The appellant was not a party to the suit of Faller v. Weber, nor had he notice of the lien; therefore, the affidavit of Faller, filed in the Land Court, was erroneously admitted in evidence.

The burden rested upon Hoffman to prove the lien upon the property.  The account and affidavit were offered, not to prove the filing of the lien, but to prove the lien itself.

II.- The suit of Faller to enforce his lien was not begun within the time prescribed by the statute.

The act of February 14, 1857, repealed the act of 1855, and required suits to be commenced within ninety days.    It went into effect from its passage; therefore Faller had ninety days from the date of the passage of that act (Feb. 14, '57) to commence his suit to enforce his lien.

The mode and time of suing belong to the remedy, and the act of 1857 does not take away, abridge, or in any way affect the rights of Faller.   (Lee v. Chambers, 13 Mo. 238; Clark v. Brown, 25 Mo. 550; Doelner v. Rogers, 16 Mo. 340.)

III. The eighteenth section of the act of 1855, and the thirteenth section of the act of 1857, are to the same effect— that the judgment for the plaintiff shall be against the debtor as in ordinary cases; with the addition, that if no sufficient property of the debtor can be found to satisfy such judgment and costs, then the residue shall be levied, etc.  But the judgment does not conform to the statute.

The return upon the execution does not show how the execution was satisfied—whether by voluntary payment, or by levy upon personal property.

Hauser stands in a position which gives him the right to make every objection to the regularity of the proceedings.

IV. The plaintiff showed a legal title to the premises better than the title of defendant, and the second instruction asked by plaintiff should have been given.

*Lackland, Cline & Jameson,* for respondent.

I. The record and proceedings of the lien and suit of Faller v. Weber were properly admitted in evidence. (R. C. 1855, p. 1067, § 8 ; 19 Mo. 334.)

II. The mechanic's lien took preference over all claims accruing after the commencement of the building. (R. C. 1855, p. 1067, § 8 ; Dubois v. Wilson, 21 Mo. 213.)

The mechanic was not bound to file his lien against one who was not owner when the building was commenced. (Jones v. Shawden, 4 Watts & S. 257.)

III. The mechanic had nine months, after filing his lien, to bring suit. (R. C. 1855, p. 1070, § 20.) The local act of St. Louis county, of February 24, 1843, was repealed by 25th section of R. C. 1855, p. 1071.

IV. The plaintiff's third instruction was rightly refused. It did not apply to the case. The section of the statute under which the execution issued only applies to cases where the contractor is not the owner of the premises. (R. C. 1855, p. 1070, § 18 & 19.)

The omission of the sheriff to make a proper return will not affect the title of a *bona fide* purchaser. (Draper v. Brysen, 17 Mo. 71 ; Cornelius v. Grant, 8 Mo. 59.)

BATES, Judge, delivered the opinion of the court.

This is an action for possession of a lot of ground in St. Louis, brought originally against both Weber and Hoffman, but dismissed as to Weber before trial.

At the trial, judgment was rendered in favor of the defendant, Hoffman.

Both parties claim title under Weber, who, on the first of January, 1856, had good title to the lot.

The plaintiff claims under a deed of trust made by Weber on the 9th of July, 1856, to secure the payment of a debt and a sale under the deed of trust, at which sale the plaintiff became purchaser. The defendant claims under a judgment and execution sale at which he was purchaser.

The questions which are to be considered in the case arise upon objections by the plaintiff to the defendant's title. The judgment under which the defendant claims was upon and for the enforcement of a mechanic's lien. The lien was filed November 18, 1856, and showed an account for work done and materials finished, beginning on the 18th of February, 1856, and continuing down to the 15th October, 1856. Suit was brought to enforce the lien, on the 14th day of July, 1857, against Weber, who made no defence, and final judgment was, on the 10th day of February, 1858, rendered against the defendant, Weber, for one thousand five hundred and fifty-four dollars and seventy-seven cents; and if no sufficient property of said defendant could be found to satisfy said damages and costs, then the residue thereof to be levied out of the said property charged with the lien." Execution was issued, a sale and deed made to the defendant, and a sheriff's return made upon the execution in these words: " Satisfied. March 27, 1858.—James Castello, Sheriff."

When the account filed as a lien begun—that is, February 18, 1856—the special lien law, applicable to St. Louis county, approved February 24, 1843, was in force, and continued so until May 1, 1856, when it was repealed by the 25th section of the general lien law, which went into force on that day by virtue of the 18th section of the act concerning laws. (2d Rev. Laws, 1026.) The act of February 14, 1857 (which took effect on that day), specially applicable to St. Louis county, repealed all acts and parts of acts contrary to or inconsistent with its provisions. (Laws of 1856–7, p. 668.) The act of 1843 and the act of 1857 each required that the suit should be brought in ninety days after the filing of the lien. The act of 1855, which took effect May 1, 1856, gave nine months within which to commence suit in the case of original contractors, as was this case.

In this case the suit was brought within nine months after the lien was filed, but more than ninety days after the lien was filed, and more than that time after the act of 1857 was passed.

1. Neither the plaintiff nor the trustees, or the *cestui que trust* in the deed of trust under which he claims, was a party to the suit on the lien under which the defendant claims, and he may therefore now object to the regularity of that proceeding.

2. The important question in the case is, whether the suit to enforce the lien should have been brought within ninety days after the lien was filed, or whether nine months were allowed after the filing of the lien within which to bring the suit.

The right of action of the plaintiff in the lien suit accrued immediately upon the filing of his lien, and no subsequent legislation could deprive him of that right; but the legislature might alter the mode of enforcing that right, and, as a part of that power, might limit the time within which a remedy would be given him to enforce his right. The law never denies a right, but in all acts of limitation does, under certain conditions and in certain circumstances, deny the remedy. In this case, after the plaintiff's right of action to enforce his lien accrued, the legislature enacted that all such suits should be brought within ninety days after the filing of the lien. This enactment could have no retrospective action, and, consequently, where liens had already been filed, the persons filing them would still have ninety days within which to bring their suits; and if the plaintiff in the case now being considered had brought his suit in ninety days from the passage of the law, his suit would have been in time; but as he did not do so, he has lost all advantage of his lien; and not having proceeded according to the law, the proceedings are, as to the plaintiff in this suit, a nullity.

The court below having taken an opposite view of the question, and instructed the jury in accordance with that view, its judgment is reversed and the cause remanded for a new trial.

Judges Bay and Dryden concur.