STATE v. SANDY RATTS.

When the punishment for a common law offence has been mitigated by statute, it is not proper that the indictment shall conclude "against the form of the statute."

LARCENY, tried before *Cloud, J.*, at Spring Term 1869, of the Superior Court of ROWAN.

The defendant was convicted of the larceny, whereupon he moved that the judgment be arrested for the following reason: that as the punishment of the offence had recently been altered

by statute, the indictment should have concluded "against the form of the statute, &c."

Motion overruled.  Judgment and appeal.

*Boyden & Bailey*, for the appellants.
*Attorney General*, contra.

DICK,. J.  Where an offence exists at common law, and only the punishment is altered by statute—in such cases it is not necessary for the indictment to conclude "against the form of the statute," as it is the offense which is the subject of the indictment, not the punishment.

If an offence at common law is made an offence of a higher nature by statute, then the indictment must conclude against the statute, 2 Hale P. C. 189, 1 Saund. 145, 1 Moody 402—404, 1 Bish. Cr. Law, Ch. XI.

The offence alleged in the indictment in this case, is petit larceny at common law, and the punishment for such offence. was whipping, imprisonment, or other corporal punishment. This punishment has been mitigated to imprisonment at hard labor, by a recent statute,  Acts 1868, ch. 44, sec. 5.

The indictment is properly drawn according to the common law, and his Honor was right in inflicting the statutory punishment.  There is no error.

Let this be certified, &c.

PER CURIAM.                              No Error.