⁂ THE STATE *v.* WILEY KENT.

A person may be convicted of larceny upon evidence connecting him with the theft though the article stolen may not be identified, or even found.

A change in the punishment of larceny from whipping and imprisonment at common law to imprisonment in the State's prison or County jail for not less than four months nor more than ten years, is not liable to the objection of an *ex post facto* law. The rule is, not that the punishment cannot be *changed*, but that it cannot be *aggravated*.

The military order of Gen. Sickles, forbidding corporal punishment, could not have had any greater effect than merely to *suspend* the law; and as soon as the order ceased, the law was restored to be administered as before.

The case of *State* v. *Ratts*, 63 N. C. Rep. 503, cited and approved.

The defendant was indicted for larceny, in stealing eight pieces of bacon, and was tried before his Honor, *Judge Cloud,* at the Spring Term, 1870, of ROWAN Superior Court.

On the trial, the prosecutrix testified that she had lost eight pieces of bacon, and there was much circumstantial evidence tending to connect the defendant with the theft; and among other things it was proved that the prosecutrix had recovered about fifty pounds of meat which she claimed as hers; that it was not smoked and had a yellow mould on it, but there was no other evidence of the identity of the stolen meat.

The defendant's counsel contended that there was no evidence that the meat found was parcel of the meat stolen, but his Honor left it to the jury to say whether the meat had been sufficiently identified as the property of the prosecutrix. To this ruling the defendant excepted.

The defendant was convicted, and thereupon it was insisted in his behalf, that as the larceny was committed on the 26th of April, 1868, the several acts passed since that time relating to punishment, so far as the same authorized imprisonment in the Penitentiary for larceny, could have no

application to his case, and that the defendant should be imprisoned in the common jail. (See Acts of 1868, ch. 44, sec. 5, and 1868-'69, ch. 167, sec. 9.)

His Honor, however, being of a different opinion, sentenced the defendant to imprisonment in the Penitentiary for the term of three years, from which judgment he appealed to the Supreme Court.

*Bragg* and *Boyden & Bailey,* for the defendant.
*Attorney General,* for the State.

READE, J.   We do not see any force in the defendant's first exception : " That the bacon *'found'* was not sufficiently identified as the bacon that was *stolen.*"

Suppose that was so ; or suppose *no* bacon had been found at all, still as there was evidence that bacon had been stolen and that the defendant was connected with the theft, the jury were authorized to convict.   There was, however, evidence that the bacon found, was the bacon stolen.   The prosecutrix testified that her bacon was unsmoked and had a yellow mould on it.   The bacon found was unsmoked and had yellow mould on it, and she believed it was hers.   And the defendant pointed out the place where the bacon was found and spoke of it as hers.

The punishment of larceny at common law was infamous —whipping and imprisonment.   The statute passed since the commission of the offence charged, changes the punishment to confinement in the Penitentiary.   And the objection is taken that the statute is *ex post facto* and void.

The rule is, not that the punishment cannot be *changed,* but that it cannot be *aggravated.*

And the change in this case would seem to be a mitigation.   *State* v. *Ratts,* 63 N. C. R. 503.

At the time of the commission of this offence Gen. Sickles' military order forbidding corporal punishment was in force.

And therefore it is objected that no corporal punishment can be inflicted for that act.

Whatever force there was in the military order it was not more than to *suspend* the law. And as soon as the order ceased the law was restored to be administered as before.

There is no error. This will be certified.

PER CURIAM. Judgment affirmed.