## Case No. 8,009.

### LAMB v. BOWSER.

[7 Biss. 372;[1] 9 Chi. Leg. News, 300; 3 Law & Eq. Rep. 736; 6 Ins. Law J. 375.][2]

Circuit Court, D. Indiana. Feb., 1877.[2]

FOREIGN CORPORATIONS — NON-COMPLIANCE BY AGENT WITH STATUTE OF STATE—CONTRACT—WHEN VALID.

1. Where an agent of a foreign insurance company, not authorized to make contracts for the company, but only to receive money, or proposals, or premium notes, and forward them to the company for its action, receives from a person in Indiana a proposal for insurance and a premium note, and forwards the same to the company in Illinois, the fact that the agent has failed to comply with the requirements of the statute of Indiana regarding foreign insurance companies doing business in that state, constitutes no defense to a suit brought upon such note.

[Cited in Ehrman v. Teutonia Ins. Co., 1 Fed. 475; Berry v. Knights Templars' & Masons' Life Indemnity Co., 46 Fed. 442.]

2. This is not a contract made by the agent of a foreign corporation, within the meaning of the statute declaring that foreign corporations shall not enforce, in any of the courts of the state, contracts made by their agents before a compliance with the provisions of the statute, but the contract was made with the company itself, the agent being simply a conduit.

[Cited in Benco v. Yesler (Or.) 7 Pac. 331.]

3. A policy of insurance issued upon the receipt of such proposal and premium note, to the maker of the note, would be valid, and could be enforced against the company.

[Appeal from the district court of the United States for the district of Indiana.]

This was a suit brought in the district court by [Wilmer S. Lamb] the assignee of the Winnesheik Insurance Company against Barton Bowser, on a premium note given on a policy of insurance. The insurance company was a corporation created and doing business under the laws of the state of Illinois. The note, the subject of the suit, was executed in 1863, by the defendant below, who at that time lived in Noble county, in this state. The note was made payable to the Winnesheik Insurance Company. At that time, in Noble county, there was an agent of the company who received from the defendant below the note and a proposition for insurance, which he forwarded to the insurance company, at Freeport, Ills. The note and proposition were received by the company at their place of business in Freeport, and were accepted by the authorized officers of the company, and the policy was issued to the defendant below, insuring property in this state. It was forwarded by the company to the defendant by mail. The agent was not authorized to make contracts for the company, but only to receive money, or proposals, or premium notes, and forward them to the company for its action. This was all done without the agent having complied with the law of this state, which operated on the agents of foreign insurance

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]
[2] [Affirming Case No. 8,008.]

companies, or rather, of foreign corporations, which it was insisted had been decided by the supreme court of this state to include foreign insurance companies. The district court decided in favor of the plaintiff [Case No. 8,008], whereupon defendant appealed to this court.

McDonald & Butler, for plaintiff.

Harrison, Hines & Miller, for defendant.

DRUMMOND, Circuit Judge. It is conceded that the questions involved in this case turn upon the construction of an act of the legislature of this state, of June 17th, 1852, entitled: "An act respecting foreign corporations and their agents in this state." This being a suit on a premium note, the question is, whether the note is invalid under the law of this state. This statute declares that the agents of corporations, not organized or incorporated under the law of this state, before they enter upon the duties of their agency, are to do certain acts recited in the statute; they must file their authority or commission to act as agents, and perform various other prerequisites. The object of the statute seems to have been to protect the citizens of this state, in entering into contracts with insurance companies created by other states, through their agents. And it provides that process might be served upon the agents which should be good against the insurance companies.

The fourth section of the law declares that these foreign corporations shall not enforce in any of the courts of this state, any contracts made by their agents, or persons assuming to act as their agents, before a compliance by the agents with the provisions of the statute.

The fifth section declares what shall constitute an agent. Any person directly or indirectly receiving or transmitting money, or other valuable thing to, or on account of, such corporation, or who shall in any manner make or cause to be made any contract, or transact any business for, or on account of, any such corporation, shall be deemed an agent, subject to the provisions of the act.

The seventh or last section imposes a penalty upon an agent acting for foreign corporations, who neglects or refuses to comply with the provisions of the act.

It is substantially conceded that the agent in this case violated the provisions of the law, and subjected himself to its penalties, and this being so, were the policy and the note which were executed in this case invalid and inoperative? It is said no action could, in such case, be brought upon the policy, if there had been a loss under it, and no action could be brought upon a note which might be given as a premium upon the policy.

We have to start with a distinct declaration in the act, that there are certain contracts not enforceable in the courts of the state, in connection with the subject-matter of the statute, viz: Those contracts which are made by the agent of such foreign corporation.

Does it follow as a necessary consequence, that because the statute has declared that an agent cannot do certain things except upon complying with the prerequisites named in the statute, that all the contracts are invalid? We have considered the question in this court in relation to these contracts in the case of Lamb v. Lamb [Case No. 8,018]. The district court of this district decided that a policy of insurance made by an agent, and a note in violation of the law of the state in relation to these corporations, were invalid, or rather, to speak more correctly, the note which was the subject of suit there, and not the policy, was held by the district court to be invalid, and that judgment was affirmed by this court. In doing so we followed the decisions of the supreme court of this state, and in a construction of a statute of this state, wherever we can ascertain that a point has been decided under the statute by that court, it is our duty to follow that decision. Has the point in this case been decided by the supreme court of this state? Now, we concede that if a note is made in this state by an agent of a foreign corporation, and the policy issued here, the agent, in other words, making the contract for the corporation with the insured, we have to declare whenever a suit is brought upon a premium note on such policy, under the fourth section of this statute, that it is invalid because it is within the terms of that section.

We will examine some of the decisions in this state, bearing on the question. The first case is Rising Sun Ins. Co. v. Slaughter, 20 Ind. 520. That case did not decide upon the validity or invalidity of a contract of insurance directly, but only indirectly. It was a case upon a policy of insurance, which declared that it was to be invalid unless any subsequent insurance was indorsed upon the policy; other insurance was taken out in this state with the agent of a foreign insurance company, and in answer to a suit upon the first policy, the underwriter said that it had been rendered invalid in consequence of taking out other insurance which had not been indorsed on the policy, and the reply was, that that did not render the policy void, because under the laws of Indiana, the second policy was of no effect, being made with the agent of a foreign insurance company, contrary to the laws of the state. And the court so held.

It is not necessary for me to give an opinion, whether or not this decision is correct. It was not a suit directly on the second policy, and all that is decided in this case is, that a policy thus made in Indiana, by the agent of a foreign insurance company, is invalid.

The next case to which it is necessary to refer is New England Fire & Marine Ins. Co. v. Robinson, 25 Ind. 536. This was a case where there was a proposition forwarded to the president of a foreign insurance company, who, by letter to the agent, accepted the risk to the amount of $1,000.00, and a parol contract was thereupon made with the agent for the insurance for one year. There was a policy following this contract of insurance, which the court says was made by the agent.

The court held that the policy, as such, was not a valid policy, but that the contract of insurance was a valid contract, and bound the company, and in the decision which the court gave upon the subject, it said: "It is urged in argument that the complaint is bad for not showing a compliance, by the local agent of the company, with the requirements of the act respecting foreign corporations. It is contended that under this law all contracts of foreign corporations are void, and that the exception to the rule is where they comply with its provisions, and that the complaint must therefore show such compliance. We do not so regard the statute." And the court decided that the contract, as a contract of insurance, was a valid contract, because the object of the statute was to protect the citizens of this state. The non-compliance of the agent with certain requirements of the act, did not prevent it from operating against the insurance company.

It will be seen that some of the principles decided in this last case are not precisely in accordance with the case reported in 20 Ind.

The next case to which it is necessary to refer is that of Union Cent. Life Ins. Co. v. Thomas, 46 Ind. 44. In that case the court decided that the prohibition against foreign insurance companies doing business in this state without compliance with the statute, extended to the company as well as to the agent of the company. This, it is to be observed, was a decision under the act of 1865, and not under the act of 1852. The statement of facts is not very clear in the case, but it is fairly inferable that the contract which the court held inoperative, was a contract made between the insured and a foreign corporation, through its agent, and, therefore, if the act of 1852 did operate upon the contract, it would be within the very terms of the fourth section of that act.

These are all the decisions in this state that have been referred to as having a direct bearing upon the questions involved in this case, and they go no further than this, as I understand them, that if a contract is made with an agent of a foreign insurance company in this state, then the note given for the premium and the policy of insurance, issued for the benefit of the insured, are both equally invalid; and if that were this case, we should have to hold the note in suit here invalid, but, as will have appeared from the facts stated, this was not a contract made with the agent of a foreign insurance company. The facts contradict that, and expressly show that the agent of the foreign insurance company had nothing more to do with the contract than to receive the proposal and the note, and forward them to the company. That being so, is it true that because one of the factors which go to make up the sum of the contract between the foreign insurance company and the insured in this state, is made by the agent, therefore, the whole contract is void,

although it may be but a small part of the sum total necessary to make the contract?

The language of the statute which we are considering is, that the contract shall not be enforced if made by the agent of a foreign corporation. This contract was not thus made. It is not material whether we consider this as an Indiana or an Illinois contract. The note was executed in Indiana, payable to the insurance company. It, with the proposal, was intended to be forwarded to the insurance company for its action. There was no contract, for the minds of the parties had not met, until the company had acted upon the proposal and the note, and issued the policy. Then the contract was complete. If the defendant below, instead of giving the note and the proposal to the agent of the insurance company, had gone himself to Freeport, there certainly could have been no objection to the execution of the contract under such circumstances. If he had sent the note and the proposal by mail, and they had acted upon them, and forwarded the policy to him, as they did, it could hardly be claimed that would be an invalid contract. If he had sent an agent with the note and proposal, and the agent had returned with the policy and given it to him, that certainly would not have been an invalid contract. Instead of doing any of these things, he gave the note to the agent of the company, who forwarded it and the proposal. He did not even receive the policy, but it was forwarded by mail, as has been stated, by the company, to the insured. Now, as I understand, there was nothing in any law of this state at that time which prevented a citizen of this state from making a contract with a foreign insurance company, for the insurance of his property in this state. It is not necessary to decide whether there could be any such law; there was not in 1863. I take it for granted, therefore, that the contract of insurance was not subject to any objection simply because it was made between a citizen of this state and a corporation of Illinois, but only because there was an agent who did something in relation to the contract—took some of the initial steps which went to make up the whole of the contract, and was acting for a corporation. I regard as having an important bearing on the decision of the question involved in this case, another one, viz: Whether or not the policy issued was binding upon the company. The two are necessarily connected together. If the note was invalid, the policy ought not to be valid; if the policy was valid, the note, it would seem, ought also to be valid. In the argument it was stated that it might be that this contract of insurance was a valid contract against the Illinois company, but it did not follow that because it might be enforced in the courts of Illinois, that therefore the note which was given as a premium for the policy, could be enforced in this state.

I can have no doubt that in this case the policy was valid against the corporation. If we are looking to the protection of the citizens of this state, we may declare that when a policy of insurance has been issued by a foreign company, and there has been an irregularity or technical non-compliance with some of the conditions of the law, on the part of its agent in this state, that it shall not, therefore, when it is called on to pay its policy, have the right to claim that it is exempt from liability because of the wrongful act of its agent.

If there had not been the provision of the fourth section of the statute of 1852, there might have been great force in the argument which is made; but when a statute has declared what kind of contracts, with reference to the subject-matter of the law, shall not be enforced, it seems to constitute a strong reason in favor of the conclusion, that contracts not coming within the terms of the law are not necessarily rendered invalid. If the statute had said that all contracts made by a foreign insurance company, in which an agent in this state had any part, or with which he had anything to do, were invalid, then, of course, the court would have to declare that the law must be complied with. The trouble, as it seems to me, about this defense, is that the statute does not go far enough; we have to infer, because the act of the agent is invalid, and he subjects himself to a penalty, that therefore, whatever contract is made of which his act forms any part, is necessarily, also, invalid. There can be no doubt that it is the natural desire of a court to hold parties up to their contracts, and especially contracts of this kind, where if they are held inoperative, the consequences may be so serious. It is competent for the state to legislate to the extent it chooses, as the law now stands—whether it will always be so I am not prepared to say—for the exclusion of foreign corporations from its territory; it may declare that there shall be no agent in the state permitted to have anything to do with a contract which may ultimately be made by a foreign corporation; it may go even to the destruction of all its business relations with citizens of this state, but it has not yet so done; it has only legislated in a particular direction; it has subjected agents to a penalty, but it has only said that contracts made by them shall not be enforced in the courts of this state. We have followed the decisions of the courts of this state. If we had found any case which had come up to this, then we should have followed it; there not being any such case, we think we are at liberty to follow our own ideas of right and of the law.

It is not necessary to refer to the numerous cases from other states which were cited in the argument. I have not found that any state has gone further than the supreme court of Indiana in its construction of the law excluding corporations from its limits. But I will refer to one which was mentioned as being conclusive on this case. Reynolds v. Geary, 26 Conn. 179.

That was a case where a citizen of Connecticut, had made a purchase of liquors in the state of New York, and had brought them to the state of Connecticut; the purchaser had given a note in New York for the amount of the liquors, and that note was sued on in the courts of the state of Connecticut. The plaintiff knew that the liquors were to be brought to Connecticut, in violation of the law of that state, and sold them with that intent. The statute was to this effect: "And no action of any kind shall be maintained in any court of this state for spirituous or intoxicating liquors or mixed liquors, of which part is spirituous or intoxicating, sold in any other state or country, contrary to the law of said state or country, or with intent to enable any person to violate any provisions of this act." The case was not within the former clause of the section, viz: It was not sold contrary to the law of the state of New York; it was admitted that the contract was valid under the law of the state of New York, but it came under the last clause of the section; it was done with intent to enable a person to violate the provisions of the statute of Connecticut, and therefore, the court held that the contract could not be enforced in the courts of that state. It is to be observed that there was a very nice point in that case, and it was only on the ground that the state of Connecticut had a right to legislate in relation to spirituous liquors and the use of them as tending to injure the public morals of the state, that the contract was declared to be invalid, because, unless it came within that principle, the state of Connecticut had no right to legislate upon the subject, because it would be an interference with the commercial power of the nation.

It cannot be pretended, I think, that the state of Indiana can declare that one of its citizens cannot go to Cincinnati and buy a cargo of corn to bring into the state, although it may be true, and it has been decided that it can declare that a citizen of the state cannot go to Cincinnati and make a contract for spirituous liquors, and bring them into the state to be used in the state, but the reason why the legislature has a right to declare that liquor shall not be brought into the state to be used here, is because it tends to injure the public morals. This case in Connecticut was, therefore, a contract where the legislature of the state was explicit, and put its prohibition in language that could not be mistaken, against its enforcement. I think that case does not, in any respect, interfere with the principles on which we decide this case. As I said before, the statute of this state might have

gone further than it did. It has only gone so far as to declare that certain contracts shall not be enforced. The judgment of the district court is therefore affirmed.

For the opinion of the district court in this case, see [Case No. 8,008].