## THE NEWARK SAVINGS INSTITUTION

*v.*

## SAMUEL R. FORMAN et al.

The act of 1880 (*P.L. of 1880 p. 255*), providing that in foreclosure proceedings thereafter commenced, no personal decree for deficiency shall be taken, applies to mortgages given before the date of its passage, and is not, so far as cases in which there is a remedy at law are concerned, unconstitutional as depriving a party of any remedy for enforcing a contract which existed when the contract was made, because a more efficacious remedy of the same sort at law remains, and the legislature may, without infringing the prohibition of the constitution, take away one of two or more equally efficacious remedies of the same sort.

Bill to foreclose. Demurrer.

*Mr. E. Q. Keasbey,* for demurrants.

*Mr. A. S. Hubbell,* for complainant.

NOTE.—The following cases illustrate the rule that a statute taking away one remedy for enforcing a contract or right is not unconstitutional if another remedy remain.

Abolishing distress for rent. *Van Rensselaer* v. *Snyder, 9 Barb. 302, 13 N. Y. 299; Guild* v. *Rogers, 8 Barb. 502; Lockett* v. *Usry, 28 Ga. 345; Conkey* v. *Hart, 14 N. Y. 22; Van Rensselaer* v. *Hays, 19 N. Y. 68.*

Requiring that the makers and endorsers of a note *shall* be sued together. *McMillan* v. *Sprague, 4 How. (Miss.) 647;* see *Givens* v. *Western Bank, 2 Ala. 397; Baldwin* v. *Newark, 9 Vr. 158.*

Repealing a statute authorizing a state to be sued. *Memphis R. R.* v. *Tennessee, (S. C. U. S.) 21 Alb. L. J. 355; Tennessee* v. *Sneed, 96 U. S. 69;* or a county, *Hunsaker* v. *Borden, 5 Cal. 288.*

Repealing a statute authorizing the forfeiture of a corporation's franchises for non-payment of its debts. *Aurora Co.* v. *Holthouse, 7 Ind. 59; State* v. *Tombeckbee Bank, 2 Stew. 30;* see *Powell* v. *Sammons, 31 Ala. 552; Story* v. *Furman, 25 N. Y. 214; Ireland* v. *Turnpike Co., 19 Ohio St. 369; Read* v. *Frankford Bank, 23 Me. 318.*

*Aliter,* as to a repealer exempting the stock from liability, but rendering the stockholders personally liable. *Hawthorne* v. *Calef, 2 Wall. 10;* see *Conant* v. *Van Schaick, 24 Barb. 87; Read* v. *Frankfort Bank, 23 Me. 318; Coffin* v. *Rich, 45 Me. 507; Syracuse Bank* v. *Davis, 16 Barb. 188.*

Newark Savings Institution *v.* Forman.

The Chancellor.

This cause and two others (foreclosure suits) stand as on demurrer, by order of the court, upon the claim and prayer of the bills for a personal decree for deficiency, which is sought, in two of them, against a person who assigned to the complainant the bond which the mortgage was made to secure, guaranteeing payment. In the other it is prayed against the obligor in the bond, to secure payment of which the mortgage was made. In the two cases first mentioned, the mortgages were given in 1873, and in the last the mortgage was given in 1875. The question is whether, in view of the provision of the first section of the act " concerning proceedings on bonds and mortgages given for the same indebtedness, and the foreclosure and sale of the mortgaged premises thereunder" (*P. L. of 1880 p. 255*), this court has jurisdiction to make such decree. That section is as follows:

" In all proceedings to foreclose mortgages hereafter commenced, no decree shall be rendered therein for any balance of money which may be due complainant over and above the proceeds of the sale or sales of the mortgaged property, and no execution shall issue for the collection of such balance under such foreclosure proceedings."

Rescinding a summary remedy against a stockholder in default as to payments on his stock. *North East Alabama R. R. Case, 37 Ala. 679.*

Repealing a resort to a *mandamus. State* v. *Gaillard, 11 S. C. 309,* affirmed in *U. S. S. C., March 2d, 1880 ;* or a scire facias, *Parker* v. *Sharnonhouse, 1 Phil. (N. C.) 209 ;* or an action of debt on a judgment after execution returned. *Grosvenor* v. *Chesley, 48 Me. 369 ; Dennis* v. *Arnold, 12 Metc. 449.*

Altering, by general statute, the *venue* of an action against an insurance company for loss under a policy. *Howard* v. *Kentucky Ins. Co., 13 B. Mon. 282 ; Sanders* v. *Hillsborough Co., 44 N. H. 238 ;* see *Gut* v. *State, 9 Wall. 35 ; Osborn* v. *State, 24 Ark. 629.*

Repealing an act allowing a landlord to claim rent out of the proceeds of property seized on execution on the demised premises. *Stocking* v. *Hunt, 3 Denio 274;* see *Barry* v. *McGrade, 14 Minn. 163.*

Providing that equity alone shall have jurisdiction of suits to recover property which had been set apart under the homestead laws and subsequently sold. *McLellan* v. *Weston, 59 Ga. 883.*

Preventing a judgment being obtained as soon as it could have been by the remedy in force when the debt was contracted. *Knoup* v. *Piqua Bank, 1 Ohio*

The next section is as follows :

"In all cases where a bond and mortgage has or may hereafter be given for the same debt, it shall be lawful to proceed first to foreclose the mortgage, and if, at the sale of the mortgaged premises under said foreclosure proceedings, the said premises should not sell for a sum sufficient to satisfy said debt, interest and costs, then and in such case it shall be lawful to proceed on the bond for the deficiency ; and that in all suits on said bond, judgment shall be rendered and execution issue only for the balance of debt and costs of suit."

The third section is as follows :

"If, after the foreclosure and sale of any mortgaged premises, the person who is entitled to the debt shall recover a judgment in a suit on said bond for any balance of debt, such recovery shall open the foreclosure and sale of said premises, and the owner of the property at the time of said foreclosure and sale may redeem the property by paying the full amount of money for which the decree was rendered, with interest to be computed from the date of said decree, and all cost of the proceedings on the bond; *provided,* that a suit for redemption is brought within six months after the entry of such judgment for the balance of the debt."

I have quoted the second and third sections because it is insisted by the complainant's counsel that the court should, in construing

St. 603 ; Johnson v. Higgins, 4 Metc. (Ky.) 566 ; Cooley's Const. Lim. (4th ed.) *287 ; Woods v. Buie, 5 How. (Miss.) 285.

Providing punishment for a crime, of a milder form. State v. McDonald, 20 Minn. 136 ; State v. Kent, 65 N. C. 311 ; Cooley's Const. Lim. (4th ed.) *267 ; see Elliott v. Elliott, 38 Md. 357.

Rescinding a mortgagee's right to occupy lands during the period allowed for redemption after foreclosure. Berthold v. Fox, 13 Minn. 501 ; see Thorne v. San Francisco, 4 Cal. 127 ; Everson v. Shorter, 9 Ala. 713 ; Maynes v. Moore, 16 Ind. 116.

Reducing the time limited for an appeal. Smith v. Packard, 12 Wis. 371 ; see Burch v. Newbury, 10 N. Y. 374 ; Palmer's Case, 40 N. Y. 561 ; Jacquins v. Com., 9 Cush. 279 ; Willard v. Harvey, 24 N. H. 344 ; Hauser v. Hoffman, 32 Mo. 334 ; Sayres v. Com., 88 Pa. St. 291, 19 Alb. L. J. 83 ; Atkinson v. Dunlap, 50 Me. 111 ; Beaupree v. Hoerr, 13 Minn. 366 ; Griffin v. Cunningham, 20 Gratt. 52 ; or, the right to redeem a mortgage, Butler v. Palmer, 1 Hill 324 ; Holland v. Dickerson, 41 Iowa 367 ; see Cargill v. Power, 1 Mich. 369.

Reducing the notice of sale under a mortgage. Webb v. Moore, 25 Ind. 4 ; Cook v. Gray, 2 Houst. 455 ; Ashuelot R. R. v. Eliot, 52 N. H. 387.

the first, take into consideration the constitutional objection to which, he insists, the second and third are liable, and consider the three together. But the first is clearly independent of the other two. It is a simple enactment, intended to deprive the court of the power to enter a personal decree for deficiency in a foreclosure suit, and it may therefore stand alone. It is urged that that section cannot, without a violation of the complainant's constitutional rights, be applied to these suits, inasmuch as the bonds and mortgages were given prior to the passage of the act, and the constitution prohibits the legislature from passing any law depriving a party of any remedy for enforcing a contract, which existed when the contract was made.

Up to the passage of the act of 1866 (*Rev. p. 118 § 76*), the fifth section of which provides that it shall be lawful for the chancellor, in any suit for the foreclosure or sale of mortgaged premises, to decree the payment of any excess of the mortgage debt above the net proceeds of the sales by any of the parties to such suit who may be liable, either at law or in equity, for the payment of the same, provided there be a prayer to that effect

---

Taking from a court of law, by special statute, the determination of matters of law in a particular case. *Bank of Ky.* v. *Schuylkill Bank, 1 Pars. 180.*

Taking away the remedy in equity against the representatives of a deceased partner when the survivor is insolvent, and transferring it to law. *Bartlett* v. *Lang, 2 Ala. 401; Paschal* v. *Whitsett, 11 Ala. 472.*

Taking away a resort to equity to remove the apparent lien of a void assessment. *Lennon* v. *New York, 55 N. Y. 361.*

Giving a court of law jurisdiction where a person is a partner in two firms, one of which is plaintiff and the other defendant in a suit at law. *Hepburn* v. *Curts, 7 Watts 300.*

Providing that only an action on the case could be maintained to recover damages for the escape of a debtor. *Thayer* v. *Seavey, 11 Me. 284.*

Giving courts of quarter sessions exclusive jurisdiction over petit larceny committed a second time. *People* v. *Rawson, 61 Barb. 619.*

Giving the court of common pleas exclusive jurisdiction over naturalizations. *Beavin's Petition, 33 N. H. 89.*

Whether a statute providing that no action can be maintained for liquors sold, is constitutional. *Reynolds* v. *Geary, 26 Conn. 179; Opinion of Justices, 25 N. H. 539; Lord* v. *Chadbourne, 42 Me. 429; Beebe* v. *State, 6 Ind. 501; Cooley's Const. Lim. (4th ed.) *583.*

Whether a lien law can be repealed so as to divest liens already acquired, see

in the bill of complaint, no personal decree for deficiency was made in any foreclosure suit where there was a remedy at law, but only when there was no remedy except by means of equitable subrogation. And it is believed that the first suit in which a personal decree for deficiency was made in this court, even on that ground, was the case of *Klapworth* v. *Dressler, 2 Beas. 62*, decided in 1860. Since the passage of the act of 1866, the court has exercised jurisdiction in accordance with the above provision of that statute. Still, during all that time the remedy at law has existed, as it still does, against the obligor of the bond secured by the mortgage, and against any guarantor of the bond. So far, therefore, as such persons were concerned, the remedy given in equity was cumulative merely, and the first section of the act of 1880 is a mere repealer of the fifth section of the act of 1866. The taking away of the remedy in equity in cases where a complete remedy at law of the like sort exists (as where the decree is prayed against the obligor in the bond or a guarantor), obviously only deprives the party of one of two remedies of a like character. It does not deprive him of any remedy more effective than the legal one; for the proceeding to collect the money after the decree for deficiency is the same as the remedy on a judgment at law. It does not deprive him of a

*Streubel* v. *Milwaukee R. R., 12 Wis. 67; Wabash Canal Co.* v. *Beers, 2 Black 448; Weaver* v. *Sells, 10 Kan. 609; Doellner* v. *Rogers, 16 Mo. 340; Hall* v. *Bunte, 20 Ind. 304; Frost* v. *Ilsley, 54 Me. 345; Evans* v. *Montgomery, 4 Watts & Serg. 218; Templeton* v. *Horne, 82 Ill. 491; Martin* v. *Hewitt, 44 Ala. 418; Brooks* v. *Memphis, 3 Cent. L. J. 356; Bailey* v. *Mason, 4 Minn. 546; Bangor* v. *Goding, 35 Me. 73; Watson* v. *N. Y. C. R. R., 47 N. Y. 157; Christman* v. *Charleville, 36 Mo. 610; Purmort* v. *Tucker Co., 2 Col. 471; Allen* v. *Hain, 63 Me. 532; Coddington* v. *Beebe, 5 Dutch. 550.*

Whether execution can be stayed or suspended, conditionally, on judgments rendered on pre-existing contracts, *Bronson* v. *Kinzie, 1 How. 311; McCracken* v. *Hayward, 2 How. 608; Moore* v. *Fowler, Hempst. 536; Huntzinger* v. *Brock, 3 Grant's Cas. 243; Williams* v. *Waldo, 4 Ill. 264; Smith* v. *Bryan, 34 Ill. 364; Farnsworth* v. *Vance, 2 Coldw. 108; Chadwick* v. *Moore, 8 Watts & Serg. 49; Louisiana* v. *New Orleans (U. S. S. C.), 22 Alb. L. J. 496; Edwards* v. *Kearzey, 74 N. C. 241, 96 U. S. 595; Webster* v. *Rose, 6 Heisk. 93; Cooley's Const. Lim. (4th ed.) *292; Kentucky* v. *Williams, 22 Alb. L. J. 457; Davidson* v. *Wiley, 31 Ala. 452;* see, also, *7 Cent. L. J. 363; Cooley's Const. Lim. *292, *361.*—REP.

remedy more speedy than the legal one, for the decree for defi-ciency is merely a contingent one until after the sale of the mortgaged premises shall have taken place, and until then con-stitutes no lien on the defendant's land. *Bell* v. *Gilmore, 10 C. E. Gr. 104.* The remedy in equity may be more economical. The taking away of the remedy in equity does not deprive the party of any resort to person on property for the collection of his debt. It does not even, as before stated, compel him to have recourse to a less rapid proceeding. The legislature may make laws which incidentally affect the pursuit of remedies for enforc-ing existing contracts; as, for instance, such as regulate the ad-mission of evidence, the course of practice in the courts, the mode of conducting sales under judgments and executions, and altering the forms of action, or prescribing periods for the lim-itation of actions within a reasonable time. *Rader* v. *Road District, 7 Vr. 273.* The act under consideration leaves the complainant a substantial remedy (of the same kind as that taken away), according to the course of justice, as it existed when the contract was made a remedy, which is not only of the same sort, but is even more efficacious than that which it takes away. It has only taken away one of two remedies of a like character, one at law and the other in equity, and that is no contravention of the complainant's constitutional right.