# Evans *against* Montgomery.

The legislature may pass laws altering, modifying or even taking away remedies for the recovery of debts, without incurring a violation of the provisions of the constitution which forbid the passage of *ex post facto* laws, or laws impairing the obligation of contracts.

The Act of the 28th of April 1840, so modifies the remedy for the recovery of a mechanic's lien, that no greater estate in the premises charged with the lien can be sold, than was vested in the person in possession at the time the building was erected; and this whether the lien was created before or since the passage of that Act.

ERROR to the District Court of *Allegheny* county.

This was an action of covenant brought by Rachel Montgomery, guardian of Sarah Montgomery, against Cadwallader Evans and wife, on a lease dated the 1st of March 1839, from the plaintiff to one John B. Miller, of a lot in Alleghenytown of 45 feet by 90, for fourteen years from the 1st of April 1839. In the lease were covenants by Miller to pay the annual rent of $220 and the taxes, and to keep the premises in repair; reserving to the lessor the right of re-entry for covenants broken, in addition to the remedy by action.

Miller subsequently erected a house on the lot, against which a mechanic's lien was filed on the 13th of February 1840, on which a *scire facias* issued, to March term 1840, and judgment was confessed the 4th of May 1840, under which the right, title and interest of Miller in and to 12 feet by 22 of said lot was sold, and purchased by Jane B. Evans, one of the defendants.

The question which arose on a demurrer to the declaration, was whether a fee-simple or term of years passed to Jane Evans by the sheriff's deed? The 24th section of the Act provides " that

[Evans v. Montgomery.]

the lien created by the Act, entitled ' an Act relating to the lien of mechanics, &c.,' passed the 16th of June 1836, shall not be construed to extend to any other or greater estate in the ground on which any building may be erected, than that of the person or persons in possession at the time of commencing the said building, and at whose instance the same is erected; nor shall any other or greater estate than that above described be sold by virtue of any execution authorized or directed in the said Act."

The defendants contended that this Act was prospective, and did not affect the lien in question, which was filed before the passage of the Act; and therefore the question was to be determined by the decisions under the Act of 16th of June 1836, which held that the lien extended to the fee-simple; that to construe the Act of 1840 so as to affect a lien already filed would disturb vested rights, and make the Act unconstitutional and void.

The court (Grier, President,) was of opinion that the Act extended to all sales under mechanics' liens after its passage, without regard to the time of filing such liens, and gave judgment for the plaintiff on the demurrer.

Errors assigned:

The court should have entered judgment for the defendant: because,

1. There is no assent of the husband to the purchase by the wife alleged, so as to bind him for any contract.

2. It is not alleged that the purchaser took possession.

3. The plaintiff has no title in the premises.

4. The plaintiff had shown no cause of action.

*Dunlop*, for plaintiff in error, argued the questions presented by the record, but which were not made in the court below, that the husband was not bound by the contract of the wife, by which she became the assignee of the term, without alleging and proving his assent to the contract; and cited 1 *Binn.* 575. That a wife is not bound by a bond and *à fortiori*, an implied covenant cannot arise against her; 3 *Whart.* 313. Besides, it is essential that the plaintiff's declaration should allege the possession of the defendants, in order to charge them as assignees. 1 *Miles* 359; 1 *Bos. & Pul.* 21; *Doug.* 460; 2 *Chit. Pl.* 552; 7 *East* 341.

By the Act of 16th of June 1836, the fee-simple estate was charged with the lien of a mechanic, as settled by this court in the cases of *Savoy* v. *Jones*, (2 *Rawle* 343), and *Holdship* v. *Abercrombie*, (9 *Watts* 52). This, then, was the security which the mechanic had for his debt; it was his contract with the owner; it was upon the faith of this security that he bestowed his labour and materials. To take from him this security is to deprive him of what he contracted for. This seems to lead necessarily to the conclusion that it was not the intention of the legislature to affect vested rights,

[Evans v. Montgomery.]

but only to made provision for future cases, when parties would know what they contracted for.

*M'Candless, contra,* declined to argue any other question than that presented to the court below, as it would not be in accordance with the principles of a Court of Error to reverse the judgment of a court on points never presented to them. This question arises between the owner of the fee and the purchaser who acquired his title after the passage of the Act of 1840; and knowing, therefore, that he could acquire no other estate than that which Miller, the tenant for years, had. What contract, then, would be violated by the conclusion that he purchased Miller's interest only in the estate? But this is not a question of contract or of right, but one of remedy, which it has been repeatedly held is within the control of the legislature. 13 *Serg. & Rawle* 133; 2 *Peters* 412.

The opinion of the Court was delivered by

SERGEANT, J.—All that has been or can be objected to the provisions of the Act of Assembly in question, passed on the 28th of April 1840, is, that it has modified the remedy which the creditor possessed, according to the construction of the courts, for the recovery of his debt under the previous Acts of Assembly giving mechanics and material men a lien for their work or materials. But it is now clearly established by repeated decisions, that the legislature may pass laws altering, modifying or even taking away remedies for the recovery of debts, without incurring a violation of the clauses in the constitution which forbid the passage of *ex post facto* laws, or laws impairing the obligation of contracts. And where the provisions of such laws, in relation to remedies, apply only to future proceedings, there is not the least ground for appealing to constitutional restrictions on the powers of the legislature. Such is the case in the present instance, so far as concerns sales thereafter to be made; for the Act expressly declares that no other or greater estate shall be sold by virtue of any exetion directed or authorized by the former Act, than that of the person who is in possession and erecting the building. Supposing, therefore, that the Act of 16th of June 1836, was subject to the same interpretation which was given by this court to the Acts of 1803 and 1806, (which, however, has never been decided); yet it is no more than a statutory enactment, abrogating the existing remedy in all future proceedings. The remedy itself certainly went to a great extent, when it enabled one person to devest another of his land without his participation in the building, and perhaps without knowledge. It was, moreover, altogether a statutory remedy, created by the legislature, not known to the common law, a boon to a favoured class of the community for the special encouragement of labour in the erection of houses, and subject to the control of the legislature either to alter, vary or modify

[Evans v. Montgomery.]

it, or repeal it altogether. Montgomery, the purchaser, has no reasonable ground of complaint, because the Act was passed several months prior to his purchase, and therefore he is to be considered as well aware of it, and as buying under its authority and subject to its provisions, according to which he took only the leasehold estate of Miller as his assignee, and is subject to all the covenants contained in the lease. We therefore think the opinion of the court below on this point was correct.

Several technical objections to the declaration have been made on the argument here, which I pass over. It appears by the written opinion of the court below, filed in the cause, that the demurrer in this case was intended to raise only the question I have before considered. None of these objections were made in the court below, as is conceded by the counsel; and it would be unfair that counsel should lie by and not make objections of this kind in the court below, where the pleadings might be amended, and afterwards surprise the opposite party by taking them here, where they could not strictly be amended. If it were necessary I would be willing, under such circumstances, to consider every thing as amended which the party might have amended in the court below. But enough appears to satisfy us, that the plaintiff in error waived these objections, and put his case on the merits of the question of law to be raised and determined as to the title acquired by the purchaser from the sheriff.

Judgment affirmed.