BANGOR *versus* GODING & *al.*

35    73
f106   427

The repeal of a statutory provision, giving a lien upon property, defeats the lien remedy, although, at the time of the repeal, the proceedings, prescribed by the statute for enforcing the lien, had been instituted and were rightfully pending in Court.

A lien, created by the provision of a statute in favor of a contract-creditor, is but a part of the remedy afforded for collecting the debt.

The repeal of such a provision, is merely a change in the remedy, and does not impair the obligation of the contract.

On REPORT from *Nisi Prius*, TENNEY, J., presiding.

The city of Bangor contracted with Thompson and Files to erect a school-house upon land belonging to the city. These defendants did a part of the work for Thompson and Files. To secure them for doing the work, they claimed a lien upon the school-house and its lot, under the provisions of R. S. c. 125, § 37, which gave liens for labor and materials furnished in erecting any buildings, " by virtue of any contract with the owner thereof *or other person who had contracted with such owner.*"

To make the lien available, they instituted a suit against Thompson and Files, and attached the school-house and its lot. Upon the execution recovered in that suit, they seasonably caused a portion of the school house and lot to be levied and set off to themselves.

While that action was pending in Court, the statute was amended by *striking out* the words, "*or other person who had contracted with such owner.*"

This is a writ of entry brought by the city to recover possession of the school-house and lot.

The Court are to render judgment according to the legal rights of the parties.

*Wakefield,* city solicitor, for the demandants.

*Moody,* for the tenants.

SHEPLEY, C. J. — The city made a contract with Thompson and Files to build a school-house. Goding and Wood, the defendants, worked on that house for Thompson and

Files ; commenced a suit against them ; recovered judgment, and caused an execution thereon to be levied upon a part of the house and a lot of land, on which it had been erected.

The suit was commenced and an attachment of the house and lot made on March 16, 1850. The judgment was rendered on Feb. 11, 1851. The levy was made on March 5, 1851.

An amendment of the statute, c. 125, § 37, was made by an Act approved on June 28, 1850, " by striking out the words ' or other .person, who had contracted with such owner.' "

This amendment was in force as early as Oct. 1, 1850. It operated as a repeal of so much of the thirty-seventh section as provided for a lien in favor of those, who provided materials or furnished labor to erect a building by virtue of a contract not made with the owner, but with a person who had contracted with the owner. There was no clause saving the rights of those, who had already performed such labor for one who had contracted with the owner. The amendment did not act retrospectively to destroy the attachment or any other right, but it did operate from the time, when it became a law, upon all existing persons and rights alike. Those, who had not already acquired and perfected their rights under the provisions of the statute, before it was amended, were left without any authority to proceed further and by subsequent proceedings to levy upon the property of another than their debtor in payment of their debt.

It is insisted, that by the existing law, and by the attachment made by virtue of it, the defendants had acquired rights, which could not be destroyed by a subsequent change of the law.

A lien created by statute, in favor of a creditor, upon the property of his debtor or upon that of another person, for payment of the debt, is but a part of the remedy afforded by law for its collection. A change of that remedy does not affect the obligation of the contract. It does not attempt to do so, but leaves it perfect and unimpaired. If the lien be an in-

cumbrance upon the estate, it is no more so than a common attachment made by a creditor of the estate of his debtor; and that is clearly a part of the remedy provided for the collection, of his debt.

If, after such an attachment had been made, the provisions of the statute authorizing a levy to be made upon the estates of debtors should be repealed, there would remain no law authorizing the officer to seize the estate and perform the acts necessary to make a perfect levy; and the creditor would lose the benefit of his attachment. So in this case, although the attachment was not destroyed by the amendment, there remained afterward no provision of law authorizing the officer, by virtue of an execution against Thompson and Files, to seize and make a levy upon the estate of the city.

The cases cited in argument, by the counsel for the city, fully establish the rule of law, that whatever incipient rights, not perfected, are given by statute, may be taken away by statute; and also that the legislative power may rightfully act upon the remedy provided for the collection of debts.

*Defendants defaulted.*

TENNEY, WELLS and HOWARD, J. J., concurred.