## GRAY *versus* CARLETON.

The lien given by the R. S. c. 125, § 37, for securing labor and materials, employed in the erection of buildings, gives no protection to one who builds for himself, under an arrangement, though merely a verbal one, that he should purchase the land, at an agreed price.

The amendatory Act of 1850, extended to suits pending at the time of its enactment.

On REPORT from *Nisi Prius,* SHEPLEY, C. J., presiding. WRIT OF ENTRY.

In 1848, Thomas Warren owned a lot of land, and agreed verbally with one Rowe, to sell it to him for $500, and to make some advances of materials and money to help Rowe to build a house upon it. Warren was to own the land and house, until paid the purchase money and advances, and then convey it to Rowe.

Rowe proceeded to build the house, receiving from Warren the promised advances.

This demandant did the plastering, by the yard, under a contract with Rowe, finishing it on July 8, 1848, and on Oct. 7, 1848, in order to secure the lien allowed by the statute, he sued Rowe and attached the house and the "lot of land on which it stood." In that suit he obtained judgment against Rowe, and within thirty days afterwards, viz., on *November* 15, 1850, by virtue of the execution which was issued thereon, levied and set off to himself a part of the land, but not including any portion of the house.

The tenant holds under a warranty deed from Warren, made in *September,* 1850.

The case was withdrawn from the jury, and submitted to the Court for a legal decision.

*Rand,* for the demandant.

Warren owned the land. The house was built for him under his contract with Rowe, and Warren then owned both house and land. The demandant rendered his personal services, and furnished materials in building the house. This he did by a contract with Rowe, who had contracted with

Warren to build it. To one standing in this relation, a lien upon the land is expressly given by the statute of 1841. Its language is; " by virtue of any contract with the owner, *or other person who had contracted with such owner.*"

True, the Act of June 28, 1850, c. 159, has stricken out the words, " *or other person who had contracted with such owner.*" But that Act cannot be permitted to defeat liens which existed before its passage ; and especially those in which attachments had been previously made. Such a retroactive effect is not to be allowed.

*Fessenden & Deblois*, for the defendant.

SHEPLEY, C. J. — The demandant appears to have labored during the year 1848 upon a house built by Henry Rowe, on land then owned by Thomas Warren, who had, as Rowe states, agreed to provide certain materials and to assist him with money to enable him to build the house, and had agreed to convey the land, on which it was to be built, upon payment of an agreed price, and of the money advanced, and of the value of the materials furnished.

The demandant caused the estate to be attached to secure a lien for payment of his services ; recovered judgment against Rowe, in October, 1850, and caused an execution issued thereon to be levied on part of the lot of land, on Nov. 15, 1850.

This suit has been commenced to recover possession of the land thus levied upon. Rowe does not appear to have performed his contract with Warren, or to have become at any time the owner of the land. It is only by virtue of the lien created by statute, c. 125, § 37, and the proceedings before stated, that the demandant claims to have acquired title.

There are insuperable obstacles to a recovery. The labor does not appear to have been performed by virtue of any contract with the owner, or by virtue of any contract made with another person " who had contracted with such owner."

There does not appear to have been any contract between Rowe and Warren, that Rowe should build the house for Warren. He appears to have been building it for him-

self, for his own use or gain, or loss, and to have obtained credit from Warren to enable him to do it; and for security the house and land were to remain the property of Warren until he should be paid. The demandant does not therefore present a case, in which a lien was created by the statute.

If the Court could consider that he had, the statute was amended by the Act approved on June 28, 1850, by striking out the words, " or other person who had contracted with such owner," and this repeal of that clause was in force before the levy in this case was made ; and there remained no legal authority for making such a levy upon the land of another, than the judgment debtor. *Bangor* v. *Goding,* 35 Maine, 73. *Demandant nonsuit.*

TENNEY, WELLS, HOWARD, and APPLETON, J. J., concurred.