May Term, 1858.

DEMING
v.
PATTERSON.

---

## DEMING *v.* PATTERSON.

Suit by a plasterer to enforce a mechanic's lien. The defendant, with his answer, filed these interrogatories: How much of the work was one coat and skim? and how much two coats and skim? Is there any difference, and if so what, between one coat and skim, and two coats and skim? Answer, denying that any part of the work was done with one coat and skim. Objection, that the answer does not state the difference in price. *Held*, that in view of the indefiniteness of the interrogatories, the answer was sufficient.

Where an affidavit for a continuance to obtain testimony alleged due diligence, but it appeared that the witnesses had been subpœnaed on *Saturday* during term, and that the trial was had on the following *Tuesday;* and where the affidavit did not allege a probability of obtaining the testimony by the next term:—*Held*, that the refusal of a continuance was not error.

Where there was no motion for a new trial, the Supreme Court will not look into the sufficiency of the evidence, though it be otherwise properly in the record.

In a suit upon a mechanic's lien, a judgment, in the usual form, for the amount of the finding and costs, closing with a statement that the property described in the complaint is liable to pay the judgment, and ordering the same to be sold as other lands are sold on execution, is sufficient in point of form.

APPEAL from the *Tippecanoe* Court of Common Pleas. Saturday, May 29.

HANNA, J.—This was an action for work and labor and materials furnished, and to enforce a mechanic's lien. The complaint was upon an account. The answer was, first, a denial; secondly, that the work was done unskillfully, and the plaintiff had been paid as much as it was worth; thirdly, a set-off. The reply to the second paragraph is a denial, and that the work was done according to the contract between the plaintiff and defendant. To the third paragraph, the reply admitted most of the items, denying some.

Interrogatories were filed with the answer, to be answer-

May Term,
1858.

DEMING
v.
PATTERSON.

ed by the plaintiff. The first point arises upon the answer to the second interrogatory. The plaintiff sued for work as a plasterer. That second question was, as to how much of the work was "one coat and skim," and "how much two coats and skim;" and as to "whether there is any difference, and what it is, in one coat and skim, and two coats and skim, each." The answer says: "I deny having put but one coat and skim on any part of said house"—and then asserts that he put two coats, &c., upon the house.

The objection made to this answer is, that "it does not state the difference in price between one coat and skim and two coats and skim." The Circuit Court held the answer sufficient. We are disposed to believe that decision was correct. The defendant assumes that the plaintiff was required to state the difference in price between the two modes of finishing the work. But such was not the question; it was general—too general to enable the plaintiff to understand to what his answer was to apply, whether to the difference in materials, or in amount of labor, or in price, or in the quality of the work, &c. The question was too indefinite, especially after the defendant expressly stated that no such state of facts existed as required an answer to that portion of it in any form.

The next point made, is upon the refusal of the Court to continue the cause upon the affidavit of the defendant.

The defendant swears he used due diligence to obtain the attendance of certain witnesses; but when we look to the time at which he took legal steps to procure the evidence, we are inclined to think he is mistaken in his conclusion. He took a subpœna on *Saturday* during term. The case was tried on *Tuesday* next thereafter. He states that the witnesses were residents of the county a few days before the making of the affidavit; but does not state the probability of his procuring their evidence by the next term. The affidavit was insufficient.

The next point is, that the evidence is not sufficient to warrant the finding.

Although there is a bill of exceptions copied into the record, purporting to contain the evidence, yet we cannot

consider it, for the reason that no motion was made for a new trial in the Court below. This is necessary to enable that Court to pass upon the evidence.

The last objection taken to the proceedings, is to the form of the judgment.

The first part of the judgment is in the usual form, for the amount of the finding and costs, and then follows an order that the property described in the complaint is liable to pay and satisfy the said judgment, &c., and that, unless it is paid, said property be sold, as other lands are sold on execution, to satisfy the same.

The statute is, "the Court may, by the judgment, direct a sale of the land and building for the satisfaction of the liens and costs." 2 R. S. p. 183.

There is no error in the form of the judgment.

*Per Curiam.*—The judgment is affirmed, with 10 per cent. damages and costs.

*J. M. La Rue*, for the appellant.

*S. W. Telford* and *T. Dame*, for the appellee.