## HALL *et al. v.* BUNTE.

MECHANICS' LIEN—CONSTITUTIONAL LAW.—Article 36 of the code, on the subject of mechanics' liens, (2 G. & H. 298,) is not unconstitutional by reason of any defect in the title of the act of which it is a part, but may be construed as merely providing a *remedy* for the collection of a debt.

APPEAL from the *Marion* Common Pleas.

WORDEN, J.—This was an action by *Bunte* against *Hall*, (impleaded with others who decline to join in the appeal,) to enforce a mechanics' lien. Judgment for the plaintiff.

The only ground on which a reversal is sought is that the statute giving the lien and authorizing the proceeding is void. It is argued that, at common law, a mechanic has no lien on a building for work and materials; that, if he have such lien, it must be given by statute. This proposition is probably correct. The statute giving the lien and providing for its enforcement is contained in 2 R. S. 1852, p. 181 *et seq.* This statute, it is insisted, so far as it undertakes to give a mechanic a lien on buildings, &c., is void, because the title of the act is not sufficient for that purpose. The title is as follows: "An act to revise, simplify and abridge the rules, practice, pleadings and forms in civil cases in the courts of this State; to abolish distinct forms of action at law, and to provide for the administration of justice, in a uniform mode of pleading and practice, without distinction between law and equity." 2 R. S. 1852, p. 27.

The substance of the appellant's argument is, that there is a marked and clearly defined distinction between *rights* and *remedies;* that the title above set out purports to deal alone with remedies; and that as the Legislature, under that title, have undertaken to confer rights, viz: to acquire and hold a lien on buildings, &c., they have violated the constitutional requirement, that "every act shall embrace but one subject

Hall et al. *v.* Bunte.

and matters properly connected therewith, which subject shall be expressed in the title." Hence it is claimed that that part of the law giving the lien is void.

During the decade of years that has passed since this statute was enacted it has always been regarded, in practice, as ·valid; its validity having been repeatedly recognized by this Court. *Deming* v. *Patterson*, 10 Ind. 251; *Wasson* v. *Beauchamp*, 11 Ind. 18; *Ainsworth* v. *Atkinson*, 14 Ind. 538; *Green* v. *Green*, 16 Ind. 253. There are, undoubtedly, other like cases in the forthcoming three volumes of reports, not published at the time of the preparation of this opinion.[1]

We think the law may be maintained on the principle that the lien is simply one of the means provided to enable the mechanic to collect his debt. This law does not give the mechanic the right to his debt, that he has without the statute in question; but it furnishes him this remedy for its collection. Regarding the statute as giving a remedy for the collection of a debt, rather than as conferring an independent right, it was properly enough "connected" with the matters enumerated in the title of the act." At all events the unconstitutionality of the statute is not so clear as to require or authorize us to overturn. it,. especially after it has been so long acquiesced in generally, and acted upon as valid by this Court.

The personal judgment against *Hall* for the debt, with an order for the sale of the premises in default of payment, is right. *Deming* v. *Patterson, supra.*

*Per Curiam.*—The judgment below is affirmed, with costs and one per cent. damages.

*N. B. Taylor* and *Thos. A. Hendricks*, for the appellants.

*W. P. Fishback* and *Barbour & Howland*, for the appellee.

(1) The other cases referred to are the following: *Shattell* v. *Woodward*, 17 Ind. 225; *Millikin* v. *Armstrong, id.* 456; *Waldo* v. *Walters, id.* 534; *Waldo* v. *Richter, id.* 634; *Simonds* v. *Buford*, 18 Ind. 176; *Wade* v. *Reitz, id.* 307.