## WILLIAM V. WILSON, JR. *vs.* TOBIAS SIMON.

*Constitutional Law—Obligation of Contracts—Change in Remedy—
Vested Rights—Repeal of Statute Authorizing Mechanics' Liens
for Materials Without a Saving as to Pending Cases.*

A change by statute in the remedy by which a debt may be enforced
does not impair the obligation of the contract or destroy a vested
right, provided a substantial remedy for the enforcement of the right
is left to the parties.

A statute which gives to persons supplying materials for a building a
right to a lien therefor against the building does not create a vested
right to that remedy in the material-men. When such statute is
repealed without any saving as to existing cases, parties who had
furnished materials for a building, but had not recovered judgment
under the statute, are not entitled to enforce a lien. No obligation
of contract is impaired by such repeal since the right to file a
mechanics' lien for materials is an extraordinary remedy which the
State may withdraw at its pleasure, leaving the parties to their com-
mon law remedy.

The Act of 1898, ch. 502, repealed that part of Code, Art. 63, which
gave to material-men a mechanics' lien on buildings in Baltimore
City. Prior to the passage of the Act plaintiff had filed a lien for
materials supplied to a contractor in the construction of defendant's
house and proceedings to enforce the lien were pending when the
Act was passed, but judgment had not then been rendered. *Held,*

1st. That the repeal of the lien law without a saving clause as to
pending cases destroyed plaintiff's right to a lien, the same being
entirely of statutory origin and not dependent upon contract.

2nd. That the lien formerly given was an extraordinary statutory
remedy only, and one additional to plaintiff's common law remedy
on the contract under which the materials were supplied, and that
the repeal of the statute does not impair any obligation of the con-
tract or take away from plaintiff a vested right.

Appeal from a decree of the Circuit Court of Baltimore
City (WICKES, J.), dismissing the bill of complaint.

The cause was argued before McSherry, C. J., Fowler, Briscoe, Page, Boyd, Pearce, Schmucker and Jones, JJ.

*Fielder C. Slingluff* (with whom was *George R. Willis* and *T. Rowland Slingluff* on the brief), for the appellant.

The Mechanics' Lien Act, as it was in force before Act of 1898, was a promise put in the mouth of the owners of buildings to all material-men, that if they furnished materials to the houses, and their bills were not paid, the houses themselves could be held responsible. The contractor might be insolvent and the owner absolutely worthless, but the material-man was safe in furnishing the brick, lumber, etc., for the law promised him that if his bill was not paid the houses themselves would be sold for his benefit. And, being aware of this obligation imposed upon the owner of the buildings by law, and relying upon it, the materials in the present case were furnished. And from the moment the materials were furnished to the houses, rights in the houses became vested in Wilson. His materials were in the houses ; were not paid for ; he had furnished them upon the credit of the buildings, and had relied upon the right given him by law to sell the buildings if his claim was not paid. Having this right against the buildings, what was the remedy given him for the enforcement of it ? A bill in equity for the sale of the houses, or a *scire facias*, and the Act says that the same proceedings shall be used as are used by Courts of Equity to enforce other liens.

If the lien given material-men was a remedy, we would have the peculiar position of the Legislature giving a remedy for the collection of claims, and in case of this remedy failing, a second remedy for the enforcement of the first; in other words, a remedy to enforce a remedy.

That the right to lay a mechanics' lien is a vested right has been distinctly held by a number of Courts. *Busar v. Sheppard*, 107 Ind. 422; *Goodbub v. Hornung*, 127 Ind. 19; *Streubel v. R. Co.*, 12 Wis. 71; see also *In re Hope Mining Co.*, 1 Sawyer, 710; *Warren v. Woodard*, 70 N.

C. 382 ; *Weaver* v. *Sells,* 10 Kan. 619 ; *Blanton* v. *Bangs,* 60 Tex. 149 ; *Florence Gas Co.* v. *Hanby,* 101 Ala. 15 ; *Williar* v. *Butchers' Assn.,* 45 Md. 546 ; *Garrison* v. *Hill,* 81 Md. 551.

*Charles J. Bonaparte* and *Paul M. Burnett,* for the appellee.

Chapter 502 of the Laws of 1898 took effect from the date of its passage (section 12), and was approved April 14, 1898. By it all those sections of Article LXIII of the Public General Laws which had previously given to those furnishing materials for buildings in Baltimore City liens for their value, were repealed and re-enacted in such form as to preserve or renew liens for the value of *labor* about such building, but to destroy *eo instanti* all existing liens, as well as the right to acquire future liens, for materials ; all liens for materials on record in Baltimore City were on April 14th, 1898, completely annulled and rendered void. *Dashiell* v. *The Mayor, etc.,* 45 Md. 615, 622 ; *Weiskittle* v. *The State,* 58 Md. 155 ; *Stewart* v. *Kahn,* 11 Wall. 502 ; *Anding* v. *Levy,* 57 Miss. 58. It will hardly be contended that such is not the effect of the statute if it be effective as to existing liens, but the appellant will doubtless seek to assail its constitutionality ; that it is retroactive, *quoad* such liens, does not, however, suffice to render it unconstitutional. *Baugher* v. *Nelson,* 9 Gill, 299 ; *Campbell* v. *Holt,* 115 U. S. 620.

It affects no vested rights, for the law which it repealed did not give the material-man a *right* to his debt, but only a special, cumulative and purely statutory *remedy* for its collection. *Copeland* v. *Kehoe,* 67 Ala. 594 ; *Hall* v. *Bunte,* 20 Ind. 304 ; *Phillips on Mechs. Liens,* section 9 ; *Hanes* v. *Wadey,* 73 Mich. 178 ; *Bangor* v. *Goding,* 35 Me. 73 ; *Gray* v. *Carleton,* 35 Me. 483 ; *Frost* v. *Illsley,* 54 Me. 351 ; *Martin* v. *Hewitt,* 44 Ala. 435 ; *Bank* v. *Williams,* 38 Fla. 305 ; *Ry. Co.* v. *Ah Kow,* 2 Wash. Terr. 36 ; *Best* v. *Baumgardner,* 122 Pa. St. 36.

No *right* vests under it until *title* has been acquired to
the land affected through a *judgment* and *sale.   Bailey* v.
*Mason,* 4 Minn. 546; *Watson* v. *N. Y. Cent. R. R.* 47 N.
Y. 157; *Phillips on Mechs. Liens,* section 28.    Nor does it
in anywise impair the obligation of a contract.    *Woodbury*
v. *Grimes,* 1 Col. 100; *Bronson* v. *Kinzie,* 1 How, 315;
*Phillips on Mech. Liens,* section 27.

That the present suit was pending when the repealing
statute went into effect is wholly immaterial; in the absence
of a saving clause all actions or other proceedings not per-
fected by judgment fall with the repeal of the statute on
which they rest.    *Wade* v. *St. Mary's Ind. School,* 43 Md.
178; *Anding* v. *Levy, supra*; *Allen* v. *Farrow,* 2 Bailey
(S. C.), 584; *Insurance Co.* v. *Ritchie,* 5 Wall. 544; *Mad-
digan* v. *B. & L. Assn.* 73 Md. 317.

PAGE, J., delivered the opinion of the Court.

This is a proceeding in equity to enforce a mechanics'
lien for materials furnished by the appellant to one Robert
V. Saylor, a contractor, to build four houses for the appellee
at the corner of Bond street and Fairmount avenue, in the
city of Baltimore.    The notice required by the 11th section
of *Code, Article 63,* was given on the eleventh day of
December, 1896, within sixty days after the time of the last
delivery, on the 13th of October, 1896.    On the 18th Feb-
ruary following the appellant filed his claim in the office of
the Clerk of the Superior Court, and on the same day began
these proceedings to enforce the lien.    While this suit was
pending, and before a hearing was reached, the *Act of 1898,
chap. 502,* was passed, by which all the sections in *Article
63* of the Code which provide for a lien for materials fur-
nished for the construction of buildings were repealed, so
far as the same were applicable to Baltimore City, and re-
enacted so as to provide only for liens for the payment of
debts contracted for work.    The effect of this statute upon
the case at bar is the first matter for our consideration.
Must it be construed so as to destroy the appellant's lien?

and if so, is it invalid in respect to all liens existing and valid at the date of its passage, as being a law impairing the obligation of contracts, and within the inhibition of the Constitution of the United States, Article 1, sec. 10, which declares that "No State shall pass any law impairing the obligations of contracts."

There can be no serious doubt about the first question. In *Dashiel* v. *M. & C. C. of Baltimore*, 45 Md. 622, this Court citing from TINDAL, C. J., said: "The effect of repealing a statute is to obliterate it as completely from the records of Parliament as if it had never passed, and it must be considered as a law that never existed, except for the purpose of those actions or suits which were commenced, prosecuted and concluded whilst it was an existing law." And in *Weiskittle* v. *State*, 58 Md. 158, "where a revising statute or one enacted for another, omits provisions contained in the original Act, the parts omitted cannot be kept in force by construction, but are annulled." In the Act of 1898, there are no saving clauses in favor of liens for materials, then existing, and all the provisions allowing such liens are entirely omitted. All such liens, therefore, are obliterated from the laws of the State as completely as if they had never existed, except for the purpose of suits "which were commenced, prosecuted and concluded whilst it was existing law."

As to the second question there is more difficulty. The contention of the appellant is that at the time the Act of 1898 was passed he had a legal vested right to pursue his lien against the buildings for which the materials were furnished, and that it was not within the power of the State to deprive him of that right. The decisions throughout the country are very conflicting. In some of the States it has been held that a mechanics' lien is a vested right, of which the lienor cannot be divested by repealing the statute under which the right accrued, while in other States it is regarded merely as an extraordinary remedy, which can be changed from time to time or discontinued according to the will of

the Legislature. The former view has been maintained by the Appellate Courts in the following States, viz: Minnesota, *Tell* v. *Woodruff*, 45 Minn. 10; Wisconsin, *Streubel* v. *R. R. Co.*, 12 Wis. 71; North Carolina, *Warren* v. *Woodard*, 70 N. C. 382; Kansas, *Weaver* v. *Sells*, 10 Kansas, 619; Texas, *Blanton* v. *Langston*, 60 Texas, 149; Indiana, *Goodbub* v. *The Estate of Hornung*, 127 Ind. 181; and Oregon, *Steamer Gazelle* v. *Lake*, 1 Oregon, 120. The reasoning upon which these decisions rest seems to be that it must be presumed that, at the time of the agreement, the parties had in view the remedies then existing for the enforcement of the contract, that those remedies therefore became a part of the obligation, and to take them away would be a violation of the contract and impair its obligations. There are some difficulties in applying this reasoning to the case we are now dealing with. In *Sodini* v. *Winter*, 32 Md. 133, this Court said : " This peculiar lien does not originate in contract ; it is purely a creature of positive statutory enactment, to be maintained and enforced to the extent and in the mode which the statute prescribes ; " and in a later case, *Wehr* v. *Shryock*, 55 Md. 336, this doctrine was affirmed. Nor is it an exact statement of the law that a party, as an incident of his agreement, has a right to all the remedies for the enforcement of the contract in force at the time it was entered into. A party has no right to a particular remedy. The State is no party to the contract and is bound only to afford adequate process for the enforcement of rights. " Thus a law abolishing distress for rent has been sustained as applicable to leases in force at its passage, and it was also held that an express stipulation in the lease, that the lessor should have this remedy, would not prevent the Legislature from abolishing it, because this was a subject concerning which it was not competent for the parties to contract in such manner as to bind the hands of the State." *Cooley on Const. Lim.*, 288 (marg.) ; *Conkey* v. *Hart*, 14 N. Y. 22; *Sturges* v. *Crowninshield*, 4 Wheaton, 200 ; *Williar* v. *Butchers' Assn.*, 45 Md. 560. In the case last cited the Court

said where the right of action "springs from contract or from the principles of the common law, it is not competent for the Legislature to abolish it" (p. 560.)   In the leading case of *Bronson* v. *Kinzie*, 1 Howard, 315, 316, the Court said that "undoubtedly a State may regulate at pleasure the modes of proceedings in its courts."   "And although the new remedy may be deemed less convenient than the old one, and may in some degree render the recovery of debts more tardy and difficult, yet it will not follow that the law is unconstitutional.   Whatever belongs to the remedy may be altered according to the will of the State, provided the alteration does not impair the obligation of the contract. But if that effect is produced, it is immaterial whether it is done by acting on the remedy or directly on the contract itself."   See also *State, use of Isaac,* v. *Jones,* 22 Md. 437; *McCracken* v. *Hayward,* 2 Howard, 613.

The contract under which the appellant parted with his property gave him (aside from the statute) no right to look to the buildings.   The owner was not a party to it, and came under no personal obligation to pay him.   His right to a lien on the buildings was not a right which sprang either from the obligation or from any of the principles or practices of the common law.   It was an extraordinary remedy, the creature of "positive statutory enactment." When it had been discontinued by the passage of the Act of 1898 all the contractual and common law rights of the parties remained.   The appellant's right to bring his action, secure judgment and execution and make sale of Saylor's property remained unimpaired.

In *Stocking* v. *Hunt,* 3 Denio, 276, when a lease was made there was a law conferring upon landlords the right to claim rent out of the proceeds of property seized on execution on the demised premises.   Subsequently, during the pendency of the lease and after two quarters of rent had become payable, the Act was repealed.   It was contended that the repealing Act, because it took away the landlord's preference, operated to impair the obligation of

the contract and was therefore invalid. But the Court held that the repealing statute " did not impair the obligation to pay rent, nor in the slightest degree .interfere with it. He might still be sued; and his entire property was as much subject to execution and sale for the payment of this rent, since the repealing Act as before ;." that " the Legislature was fully competent to pass the statute ;." that " it did not touch the obligation of the contract," and that " the Legislature only said that this extraordinary remedy, giving a preference to a landlord over an execution creditor, was unreasonable and should be discontinued." The case of *Williar* v. *Butchers' Association*, which was relied upon at the hearing to support the appellant's case, is in line with what has just been said. The appellant had paid a mortgage debt which included usury. Subsequently he brought an action of assumpsit to recover the excess of legal interest. While the suit was pending the Legislature passed an Act which provided that no action for usury should be brought when the evidence of indebtedness had been settled for, unless there had been a renewal in whole or in part of the original indebtedness. The question arose whether this Act, by taking away the right to recover the excess of legal interest previously enjoyed by the party, did not impair the obligation of the contract. It was contended by the appellee that the claim of the plaintiff was for the forfeiture or penalty imposed by the Code, which it was in the power of the Legislature at any time to alter or repeal. The Court said the proposition was correct, if that was the nature of the demand, for the reason that such a claim " not resting upon or growing out of contract, but based exclusively upon the statute," it was within the power of the Legislature at any time to alter or repeal the statute, " and the right to recover the forfeiture is thereby destroyed, *although* it may have been incurred before the statute imposing it had been repealed." It was held, however, that such was not the nature of the demand, but that it was one where the " implied assumpsit arises at the common law," and was therefore protected by the constitutional provision.

We are of opinion, therefore, on principle, that the effect of the repealing statute was not to impair any of the obligations of the appellant's contract, though it took from him the lien theretofore given him; and that the right to a mechanics' lien for materials furnished under the law of this State is not a vested right, but an extraordinary remedy only, which the State may discontinue at pleasure.

These views, in accord we think with sound reasoning, are supported by decisions of the Appellate Courts in many States. We need not review them, for it may be said they all rest upon the theory that the lien given by statutes similar to the mechanics' lien law of this State is a remedy only, and constitutes no obligation upon the owner of the buildings for which materials were furnished, except to the extent prescribed by statute. *Hanes* v. *Wadey*, 73 Mich. 178; *Bangor* v. *Goding*, 35 Me. 73; *Templeton* v. *Horne*, 82 Ill. 491; *Woodbury* v. *Grimes*, 1 Colo. 100; *R. Co.* v. *Ah Kow*, 2 Wash. Terr. 36; *Evans* v. *Montgomery*, 4 Watts & S. 218 (Pa.) See also *Frost* v. *Illsley*, 54 Me, 345; *Gray* v. *Carleton*, 35 Me. 481; *Watson* v. *N. Y. C. R. R.*, 47 N. Y. 162; *Bank* v. *Williams*, 38 Fla. 305; *Hall* v. *Bunte*, 20 Ind., 304; *Penniman's Case*, 103 U. S. 714, 720. In *Martin* v. *Hewitt*, 44 Ala. 418, the Court said, "a lien given by legislation may be taken away without in anywise interfering with or impairing the obligation of contracts." *Copeland* v. *Kehoe*, 67 Ala. 597. (But see *Florence Gas Co.* v. *Hanby*, 101 Ala. 15.)

It follows from what has been said that the decree must be affirmed.

*Decree affirmed.*

(Decided March 22nd, 1900.)